Jones, J.
(dissenting). I would transpose the conclusions reached by the majority. The purchases by Burger King of the paper products (e.g., wrappers for sandwiches, cups to contain coffee, soda and other drinks, and sleeves for holding french fries) should be held to be subject to the sales tax (to that extent I would agree with the State Tax Commission), and the purchases by Burger King of equipment *625 for processing food and drink (e.g., ovens, fryers, broilers, coffee urns and milk shake machinery) should be held to be exempt from the sales tax (to that extent I would disagree with the commission).
With reference to the paper products, the commission was surely justified in determining that their purchase was a retail sale within the definition of section 1101 (subd [Jb], par [4]) of the Tax Law and did not come within the exception set forth in subclause (A) of clause (i) of that paragraph as a purchase “for resale as such or as a physical component part of tangible personal property”. I agree with Mr. Justice Ellis J. Staley, Jr., at the Appellate Division, and for the reasons stated in his dissenting opinion, that Burger King did not sell the paper products as such to their customers and that the paper products did not become physical component parts of the food and drink which were sold to their customers.
As to the processing equipment, I am persuaded that the purchase of this equipment, as a matter of law, falls within the exemption provided in section 1115 (subd [a], par [12]) of the Tax Law. That paragraph provided that receipts from the sale of “ [m] achinery or equipment for use or consumption directly and exclusively [since 1974, ‘predominantly’] in the production of tangible personal property” were exempt from the tax imposed by subdivision (a) of section 1105.[1] I can agree with the contention of the commission that, under the design of the sales tax law, receipts from sales of food and drink by this taxpayer were taxable under subdivision (d) of section 1105 as a hybrid sale of tangible personal property with associated service incident to their delivery to the customer, rather than under subdivision (a) as a sale of tangible personal property, and to that extent that restaurant food subject to the tax under subdivision (d) does not fall within the definition of “tangible personal property” set out in section 1101 (subd [b], par [6]).
The matter does not end there, however. The exemption provision of section 1115 (subd [a], par [12]) on which *626 the taxpayer relies is entirely independent of subdivision (d) of section 1105 which imposes a tax on the “hybrid” sales. The exemption granted is from the tax imposed by subdivision (a) of section 1105, not from the tax imposed by subdivision (d) of that section. No reason appears why the explicit definition of “tangible personal property” as “[c]orporeal personal property of any nature” (Tax Law, § 1101, subd [b], par [6]) should not be applied in accordance with the plain meaning of the words used. Food and drink as such would clearly fall within the sweep of that definition.[2] The hybrid concept of the taxation of sales of restaurant food and drink as a combination of tangible personal property and services within the contemplation of subdivision (d) of section 1105, on which the commission would rely, is irrevelant.
Even if that concept were thought to be relevant, however, it would not be applicable. The equipment in question processed only food and drink — the tangible personal property component of the hybrid — and had nothing whatsoever to do with the services component of the hybrid. It could not be concluded, therefore, that the sales of the processing equipment did not enjoy the benefits of the paragraph (12) exemption on the theory that the equipment was acquired for use in the production of the hybrid; it was not.
For the reasons stated, I would modify the order of the Appellate Division to the extent of reinstating that portion of the determintaion of the State Tax Commission which imposed the tax on the receipts from the sale of Burger King of the paper products, and, as so modified, affirm.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur with Judge Fuchsberg; Judge Jones dissents in part and votes to modify in a separate opinion in which Judge Meyer concurs.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.

. The State Tax Commission sought to impose a sales tax on the sale to the taxpayer of this equipment under this subdivision.

. Were this not the case there would have been no occasion for the express exemption from the tax on “tangible personal property” under subdivision (a) of section 1105 of “[f]ood, food products and beverages” found in section 1115 (subd [a], par [1]).